UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

2006 JAN 30 PM 3: 25

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | **1:06CR 0019** |
| v. | : | |
| | : | PLEA AGREEMENT |
| DAVID PERRY | : | |
| | : | |

**WEBER**

-------------------

The United States Attorney for the Southern District of Ohio and the defendant, **David Perry**, also called "the parties" herein, agree that:

1. **David Perry** will waive Indictment by the Federal Grand Jury and will enter a plea of guilty before the United States District Judge to a one-count Information charging him with Theft of Government Funds, in violation of 18 U.S.C. § 641. Section 641 carries a maximum penalty of up to ten (10) years' imprisonment, a fine of up to $250,000.00 (or twice the gross gain to the defendant or loss of the victims, see 18 U.S.C. § 3571(d)), a three (3) year term of supervised release, restitution, and a $100.00 special assessment.

2. The defendant understands that this Agreement permitting a guilty plea to the above-listed count requires that the defendant abide by each term of this Agreement. The defendant understands that if the defendant makes any statement that is materially false in whole or in part or otherwise fails to comply with any term of this Agreement, the United States has the right to declare this Agreement void and to prosecute the defendant to the full extent of the law. If this Plea Agreement or the defendant's conviction upon his guilty plea is voided for any reason, the defendant waives any statute

of limitations with respect to the United States prosecuting him for any offense arising from his conduct in this case.

3. The sentence in this case will be imposed by the Court. There is no agreement as to what that sentence will be. The defendant understands that the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") are advisory and not mandatory, although the Court is required to consider the Sentencing Guidelines and their application to this case in imposing sentence. Sentencing is within the discretion of the Court, and the defendant understands that the Court may or may not choose to impose sentence based on the applicable sentencing range under the Sentencing Guidelines for the offense charged in the Information. The defendant has thoroughly reviewed with his attorney how the Sentencing Guidelines might apply to this case. The defendant understands that he does not have the right to withdraw his guilty plea if the Court chooses to apply the Sentencing Guidelines including upward departures or otherwise imposes a sentence that is higher than expected. The defendant understands that the matter of sentence is reserved solely to the District Court and that the Court could impose the maximum penalty. No promises or representations have been made to the defendant as to what sentence the Court will impose.

4. The defendant will give complete cooperation to law enforcement authorities and others regarding his activities and those of others in relation to the offense of conviction and other matters on the following terms and conditions:

(a) **Mr. Perry** shall cooperate fully, truthfully, completely and forthrightly with the United States Attorney's Office for the Southern District of Ohio and other Federal, state and local law enforcement authorities identified by this Office in any and all matters as to which the Government deems the cooperation relevant. **Mr. Perry** acknowledges that his cooperation may

2

include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking government administered polygraph examination(s); and participating in covert law enforcement activities. Any refusal by **Mr. Perry** to cooperate fully, truthfully, completely and forthrightly as directed by this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters in which the Government deems his assistance relevant will constitute a breach of this agreement by **Mr. Perry**, and will relieve the Government of its obligations under this agreement or any other agreement (such as an agreement under Section 5K1.1 of the United States Sentencing Guidelines) between the parties whether entered before of after this agreement. **Mr. Perry** agrees, however, that such breach by him will not constitute a basis for withdrawal of his plea of guilty or otherwise relieve him of his obligations under this agreement.

(b) **Mr. Perry** shall promptly turn over to the Government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. **Mr. Perry** agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime and all instruments that he used to aid him in committing the crimes.

(c) **Mr. Perry** shall submit a full and complete accounting of all of his financial assets, whether such assets are in his name or in the name of a third party.

(d) **Mr. Perry** shall testify fully, completely and truthfully before any and all Grand Jury(ies) in the Southern District of Ohio, and elsewhere, and at any and all trials of cases or other court proceedings in the Southern District of Ohio and elsewhere, at which his testimony may be deemed relevant by the Government.

(e) **Mr. Perry** understands and acknowledges that nothing in this agreement allows him to commit any criminal violation of local, state or federal law during the period of his cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of **Mr. Perry's** cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the Government of all of its obligations under this agreement or under any other agreement between the parties (including any potential Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e) agreement). **Mr. Perry** acknowledges, however, and agrees that such a breach of this agreement will not entitle him to withdraw his plea of guilty or relieve him of his obligations under this agreement. **Mr. Perry** further understands that, to establish a breach of this agreement, the Government need only prove his commission of a criminal offense by a preponderance of the evidence.

(f) Finally, **Mr. Perry's** cooperation also includes making restitution in this matter in a schedule and amount to be determined by the Court.

5. While no substantial assistance motion has been promised by the United States, **Mr. Perry** agrees to and understands the following: That only the United States Attorney, in its sole discretion, may apply for a downward departure from the Guideline sentence pursuant to Sentencing Guideline § 5K1.1 and that only the United States Attorney may, within one year of sentencing and at the sole discretion of the United States Attorney, file a motion for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, to reflect substantial assistance to the United States subsequent to sentencing. The defendant understands that the determination of whether he has provided substantial assistance pursuant to Section 5K1.1 of the Sentencing Guidelines, Rule 35(b), or 18 U.S.C. § 3553(e), is within the sole discretion of the United States

Attorney's Office for the Southern District of Ohio and is not reviewable by the Court. The defendant agrees that in the event the United States files such a motion, he will not contest the recommendation of the government as to the sentencing level and will not seek to go below the sentencing level recommended by the government. The defendant further understands that if the Government does not file a motion for downward departure the Court has no authority to grant a downward departure, under Section 5K1.1 of the Sentencing Guidelines, Rule 35(b) or 18 U.S.C. § 3553(e). In any event, the defendant agrees not to seek a downward departure, without Government motion, based on any assistance provided in the investigation(s) or prosecution(s) of another person(s) who has committed a federal, state, local or any other offense. The defendant agrees and acknowledges that if this Office chooses not to file a substantial assistance departure motion it shall not be grounds for the defendant to move to withdraw his plea of guilty in this case or otherwise relieve his obligations under this agreement.

6. In exchange for the defendant's plea of guilty and complete cooperation, the United States Attorney for the Southern District of Ohio agrees that, after sentence has been imposed on the information, he will not file any additional charges against the defendant based on the defendant's conduct as described in the Information and Statement of Facts. This Agreement does not protect the defendant from prosecution for perjury, false statement, obstruction, or any other such charge for conduct after the date of this Agreement.

7. No promises have been made to the defendant that he will receive probation or that he will receive a lighter sentence on account of his plea of guilty.

8. The parties hereby state, pursuant to Sentencing Guideline § 6B1.2(a), that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the readily provable

actual offense behavior and that the acceptance of the Agreement by the Court will not undermine the statutory purposes of sentencing.

9. The defendant understands that the matter of sentence is reserved solely to the District Court and that the Court could impose the maximum penalty. No promises or representations have been made to the defendant as to what sentence the Court will impose.

10. The defendant agrees to pay the $100.00 special assessment to the Clerk of the United States District Court for each count to which he pleads guilty no later than the date of his sentencing.

11. By signing this document, the defendant acknowledges the truth of the attached Statement of Facts.

12. The United States agrees that it will recommend that the defendant be provided credit for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States, however, will not be required to make these sentencing recommendations if any of the following occurs: (1) defendant fails or refuses to make a full, accurate and complete disclosure to this office or the probation office of the circumstances surrounding the relevant offense conduct and his present financial condition; (2) defendant is found to have misrepresented facts to the government prior to entering his plea agreement; (3) defendant commits any misconduct after entering into this plea agreement, including, but not limited to, committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any government entity or official; or (4) defendant fails to comply with any of the terms of this plea agreement. If the defendant continues to accept responsibility through the time of sentencing and continues to comply with all the terms of this agreement including the aforementioned provisions of this

paragraph, the United States will file a motion pursuant to U.S.S.G. § 3E1.1(b) stating to the District Court that the defendant has timely notified authorities of his intention to plead guilty.

13. In the event that the defendant does not plead guilty, the defendant agrees and understands that he thereby waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines and rule 11(f) of the Federal Rules of Criminal Procedure, and that any statements made by him as part of the plea discussions or as part of his cooperation with the government will be admissible against him without any limitation in any civil or criminal proceeding.

14. This Agreement does not resolve any civil liability of the defendant for tax, interest, and penalties relating to income from the offense of conviction or any other source. The defendant acknowledges that as part of the complete cooperation promised by him in this Agreement, he is obligated to give complete cooperation to federal, state, and local tax authorities in the determination of his taxable income and determination and payment of any applicable tax, interest, and penalties. The defendant agrees as part of his complete cooperation to file accurate tax returns for himself, amending returns if necessary, by December 31, 2006. Moreover, the defendant also agrees to pay restitution of the tax due and owing to the Department of Treasury, Internal Revenue Service.

15. This written Agreement embodies all of the agreements and understandings between the United States Attorney for the Southern District of Ohio and the defendant. No conversations, discussions, understandings, or other documents extraneous to the Agreement shall be considered part of this Agreement.

GREGORY G. LOCKHART
United States Attorney

_____      1-27-06
AMUL R. THAPAR (KY91121)           DATE
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711

_____      1-20-06
DAVID PERRY                     DATE
Defendant

_____      1-20-06
KELLY JOHNSON (0037241)           DATE
Assistant Federal Public Defender
2000 CBLD Center
36 East Seventh Street
Cincinnati, Ohio 45202
Attorney for Defendant

## STATEMENT OF FACTS

Between on or about April 15, 1994, and June 1, 2005, in the Southern District of Ohio, David Perry knowingly and without authority stole money belonging to the United States and its agencies. On or about April 15, 1994, David Perry submitted an application for disability insurance benefits claiming that he was disabled and unable to work since 1990. Mr. Perry submitted the claim to the Social Security Administration, an agency of the United States. At the time Mr. Perry filled out the application, he was self-employed as a horse-trainer and earning a salary that would have made him ineligible for benefits had he disclosed it. Consequently, his claim was false and done with the intent to obtain benefits, including pay, to which he was not entitled. (Pursuant to policy, if a claimant states that he was unable to work for the past twelve months – when he submits the forms – the Social Security administration will provide 12 months of back pay. Since Mr. Perry claimed he was unable to work since 1990, the Social Security Administration provided him with 12 months of back pay (dating back to on or about April 15, 1993)).

Mr. Perry continued to submit false forms between April 1994 and June 2005 in order to get these benefits. During this period, he continued to indicate to the Social Security Administration that he was unable to work, when in reality he continued his employment as a horse trainer.

As a result of Mr. Perry's false statements, he was able to obtain $ 127,019.50 from the Social Security Administration between April 1994 and June 2005.

> I have reviewed the above statement of facts with my attorney. I agree to the accuracy of the statement of facts and acknowledge the truth of the statement of facts as detailed above.

_____  
David Perry  
Defendant

_1-20-06_  
DATE

9