# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. CR-1-06-019 |
| Plaintiff, | : | Judge Weber |
| v. | : | |
| DAVID PERRY, | : | **SENTENCING MEMORANDUM** |
| Defendant. | : | |

Defendant David Perry, by and through counsel, respectfully submits this Sentencing Memorandum for the Court's consideration in sentencing. Defendant Perry asserts that the United States Supreme Court has held that the United States Sentencing Guidelines are not a mandatory constraint on the District Court's sentencing discretion. United States v. Booker, 543 U.S. \_\_\_\_\_, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005). In Booker, the Supreme Court found the Sentencing Guidelines unconstitutional insofar as the guidelines required courts to consider conduct at sentencing that was not proven by the government beyond a reasonable doubt to a jury. Id. As such, the court concluded that the Sentencing Guidelines were simply one of several factors which should be considered pursuant to 18 U.S.C. § 3553(a) in determining an appropriate sentence. Id.

18 U.S.C. § 3553(a) establishes seven factors that shall be considered in imposing any sentence:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes; (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The kinds of sentences in the sentencing range established by the United States Sentencing Guidelines;

5. Any pertinent policy statement established by the Sentencing Commission;

6. The need to avoid unwarranted sentencing disparities among defendants with similar records or who have been found guilty of similar conduct; and

7. The need to provide restitution to any victims of the offense.

As established in <u>Booker</u>, the United States Sentencing Guidelines are merely one of seven factors that must be considered in determining an appropriate sentence.

Defendant Perry asserts that his history and personal characteristics, the circumstances of the offense and his limited prior criminal involvement require that this Court sentence him below the guideline range as determined by the United States Probation Department. The specific grounds for mitigation below the guideline range are discussed herein.

**I.  A DOWNWARD DEPARTURE OR SENTENCING VARIANCE IS APPROPRIATE BECAUSE DEFENDANT PERRY HAS SHOWN EXCEPTIONAL REMORSE AND EXCEPTIONAL ACCEPTANCE OF RESPONSIBILITY**.

In <u>Koon v. United States</u>, 518 U.S. 81, 95-96 (1996), the United States Supreme Court held that, where a factor is an encouraged factor already taken into account in the guidelines, a district court may depart downward based on the factor if it is present to an unusual degree. Remorse and acceptance of responsibility for a crime are already taken into account in the guidelines. U.S.S.G. § 3E1.1. Thus, both factors may be grounds for downward departure where they are present to an unusual extent. The Sixth Circuit has recognized remorse as a valid grounds for departure in an exceptional circumstance. <u>United States v. Brewer</u>, 899 F.2d 503 (6th Cir. 1990); <u>United States v. Venoy</u>, No. 98-5076, 1998 U.S. App. LEXIS 31991 (6th Cir. Dec. 22, 1999).

In conversations with the case agents and United States Attorney Amul

Thapar, who was originally assigned to this matter, Counsel was informed that Defendant Perry was extremely cooperative with the investigation of this matter and based upon Defendant Perry's cooperation, there were no significant costs or resources expended in the investigation of this case. Further, it was represented to counsel that Perry's candor with agents and his acceptance of responsibility for his actions were beyond the that of similarly situated defendants. Therefore, defendant Perry requests that this court consider a sentence below the advisory guideline range.

## II. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF DEFENDANT PERRY INDICATE THAT A SENTENCING REDUCTION IS APPROPRIATE.

18 U.S.C. § 3553 provides a list of factors which a court should consider in determining an appropriate sentence. Section (A)(1) of § 3553 provides that the court should consider "the nature and circumstances of the offense and the history and circumstances of defendant" in any sentencing determination. Defendant Perry asserts that his personal characteristics, and the unique circumstances of this crime, require a sentence below the advisory range.

Specifically, Defendant Perry has only one prior criminal conviction. Specifically, Perry was convicted of Domestic Violence in 1995 and according to Perry, was only jailed overnight. His arrest involved his ex-wife who suffered from

extreme mental health problems and occurred during a highly-charged divorce proceeding.

David Perry is remarried and the father of 6 year old and 2 year old children. He has daily contact with his 14 year old son, who was adopted by Perry's parents. David Perry is described as an "excellent father" who is currently a stay-at-home father so that his wife can work and attend school to become a registered nurse. His wife indicates that their children would be severely impacted if he is required to serve a period of incarceration and Mrs. Perry has stated that she will not be able to maintain her work and school schedules and care for her children if the Defendant is out of the home.

Clearly, at age 42, David Perry is not the typical first-time offender which appears before this Court. His personal background is outside of the "heartland" of individuals that appear before this Court and justify consideration of a sentencing reduction.

In addition, the nature and circumstances of the offense are atypical of conduct generally involved in Theft of Government Property. The following is a list of particular circumstances involved in the Perry's' criminal activities which justify a mitigated sentence:

    1.    As discussed *supra*, Defendant Perry was extremely

    cooperative with the investigation of this matter and based upon Defendant Perry's cooperation, there were no significant costs or resources expended in the investigation of this case;

2. Defendant Perry's candor with agents and his acceptance of responsibility for his actions were beyond that of similarly situated defendants;

3. Defendant Perry voluntarily reported to the Social Administration office in Cincinnati and submitted to an interview in which he admitted his involvement in this criminal activity.

All of these factors, in addition to the unique characteristics of Defendant Perry, require that this Court view, in totality, the history of Perry and the offense and consider a sentence below the advisory range established by the United States Sentencing Guidelines.

## V.  CONCLUSION

Based upon the foregoing, Defendant David Perry, respectfully requests that this Court sentence him to a sentence below the advisory United States Sentencing Guideline range established by the United States Probation Department in its Presentence Investigation Report.

Respectfully submitted,

STEVEN S. NOLDER
ACTING FEDERAL PUBLIC DEFENDER


s/W. Kelly Johnson
W. Kelly Johnson (0037241)
Assistant Federal Public Defender
36 East Seventh Street, Suite 2000
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
David Perry


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Karl Kadon, Special Assistant United States Attorney, electronic filing, on April 26, 2006.


s/W. Kelly Johnson
W. Kelly Johnson